AHMAD V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-476-CR

JANET KAY AHMAD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

OPINION

------------

Appellant Janet Kay Ahmad seeks to appeal the denial of her motion to set aside the indictment on limitations grounds.  We dismiss the appeal for want of jurisdiction.

Appellant filed a motion in the trial court seeking to set aside the indictment, contending that prosecution of the conduct alleged is barred by the statute of limitations.  The trial court denied the motion, and Appellant filed a notice of appeal.  

The right to appeal in a criminal case is a substantive right solely within the province of the Legislature.  
Lyon v. State
, 872 S.W.2d 732, 734 (Tex. Crim. App.), 
cert. denied
, 512 U.S. 1209 (1994); 
Fry v. State
, 112 S.W.3d 611, 612 (Tex. App.—Fort Worth 2003, pet. ref’d) (en banc)
.  "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed."  
Tex. Code Crim. Proc. Ann.
 art. 44.02 (Vernon 1979).  Generally, a criminal defendant may only appeal from a final judgment.  
See State v. Sellers
, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990); 
Fry
, 112 S.W.3d at 612-13; 
Hilburn v. State
, 946 S.W.2d 885, 886 (Tex. App.—Fort Worth 1997, no pet.).  "The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." 
 Apolinar v. State
, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); 
see
 
Bridle v. State
, 16 S.W.3d 906, 907-08 (Tex. App.—Fort Worth 2000, no pet.). 
   

We notified Appellant of our concern that we do not have jurisdiction to review the interlocutory order in this case absent a final judgment of conviction. Appellant responded that interlocutory appellate relief is available to a defendant seeking to set aside an indictment on limitations grounds where the face of the pleading indicates the charged offense is barred by limitations.  In support of her contention, Appellant cites 
Ex parte Tamez
, 38 S.W.3d 159, 160-61 (Tex. Crim. App. 2001) and 
Ex parte Smith
, 135 S.W.3d 884, 890 (Tex. App.—Fort Worth 2004, pet. granted on other grounds) (both holding pretrial writ of habeas corpus is proper procedural vehicle to raise contention that prosecution is barred by limitations, and denial is appealable).

We conclude that neither 
Tamez
 nor 
Smith
 is applicable to the jurisdiction issue before us because both of those cases were appeals from trial court orders that denied habeas corpus relief.  Such appeals are expressly permitted.  
See
 
Tex. R. App. P.
 31; 
Ex parte Hargett
, 819 S.W.2d 866, 868-69 (Tex. Crim. App. 1991) (holding appellate court has jurisdiction over appeal from denial of pretrial habeas corpus relief following trial court’s consideration of merits of writ application).  Appellant in the case at bar did not file a pretrial application for writ of habeas corpus; she filed a pretrial motion to set aside the indictment.   We conclude that the order Appellant is appealing is not a final judgment and is not a permissible interlocutory appeal.  Accordingly, we dismiss this appeal for want of jurisdiction.

DIXON W. HOLMAN

JUSTICE 

PANEL D: HOLMAN, GARDNER, and WALKER, JJ.

PUBLISH

DELIVERED:  November 24, 2004