SMITH v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-198-CR

TRAVIS MARK SMITH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Travis Mark Smith, a pro se incarcerated inmate, seeks to appeal from a purported ruling on a petition for declaratory judgment he filed in Criminal District Court No. Four of Tarrant County, Texas, the court that sentenced him in 1994 to twenty years’ confinement for credit card abuse.
(footnote: 2)  We dismiss the appeal for want of jurisdiction.

On February 18, 2005, Appellant filed his petition for declaratory judgment requesting the trial court to declare that the Texas Department of Criminal Justice and the Texas Board of Pardons and Paroles have unlawfully  applied certain rules regarding parole and credit for time served.  The face of the motion bears the notation, “Presented to Judge Thomas & no action taken. MC.”  On March 8, 2005, Appellant filed a notice of appeal complaining of the trial court’s notation of “no action taken.”

On June 9, 2005, we notified Appellant of our concern that this court lacks jurisdiction over this appeal because the trial court has not ruled upon his petition for declaratory judgment.
(footnote: 3)  Appellant has responded that “no action taken” is the same as a denial order and is therefore appealable. 

A criminal defendant may appeal when “the trial court enters an appealable order.”  
Tex. R. App. P.
 26.2(a)(1).  It is the written order that memorializes the judge's intent to authenticate the action taken.  
State v. Shaw
, 4 S.W.3d 875, 877-78 (Tex. App.—Dallas 1999, no pet.); 
see State v. Rosenbaum
, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991) (holding the term "entered by the court" encompasses the signing of an order by the trial judge).  We disagree that the notation by the trial court clerk of “no action taken” is the equivalent of an order by the trial court that might be appealable.

Accordingly, because there is no written order that might properly be appealed,
(footnote: 4) we dismiss this appeal for want of jurisdiction.  
See
 
Tex. R. App. P.
  43.2(f).

PER CURIAM

PANEL D: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 21, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
No appeal was taken from this conviction.  Appellant subsequently filed a motion to vacate this conviction, which the trial court denied; this court dismissed Appellant’s appeal for want of jurisdiction, holding that article 11.07 of the code of criminal procedure provides the exclusive means for challenging a final felony conviction.  
Smith v. State
, Nos. 2-03-385-389-CR, 2003 WL 22417212, at * 1 (Tex. App.—Fort Worth Oct. 23, 2003, no pet.) (mem. op.) (not designated for publication); 
see
 
Tex. Code Crim. Proc. Ann.
 art. 11.07 (Vernon 2005).

3:
The State has responded that the trial court took no action on Appellant’s petition for declaratory judgment because the trial court lacked jurisdiction to consider the petition. 
 See State v. Patrick
, 86 S.W.3d 592, 594-95 (Tex. Crim. App. 2002) (holding that when a conviction has been affirmed on appeal and the mandate has issued, general jurisdiction is not restored in the trial court which has only special or limited jurisdiction to ensure that a higher court's mandate is carried out and to perform other functions enumerated by specific statutes).

4:
Because the trial court did not sign an order disposing of Appellant’s motion, we need not reach the issue of whether such an order might be appealable.  However, we note that generally a criminal defendant may only appeal from a final judgment.  
See State v. Sellers
, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990); 
Ahmad v. State
, 158 S.W.3d 525, 526 (Tex. App.—Fort Worth 2004, pet. ref’d)
.  "The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." 
 Apolinar v. State
, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); 
see
 
Bridle v. State
, 16 S.W.3d 906, 907-08 (Tex. App.—Fort Worth 2000, no pet.).