COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-338-CR

 

 

EX PARTE JANET AHMAD                                                                    

 

                                              ------------

 

       FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

This is an appeal of the
denial of relief requested in Appellant=s pretrial writ of habeas corpus which sought to set aside the pending
misdemeanor indictment on the grounds that prosecution is barred by the
applicable two-year statute of limitations. 
The State contends limitations were tolled, as pled in the misdemeanor
indictment.  Appellant asserts the
tolling provision is inadequate to toll limitations because the prior felony
indictment did not allege an offense. 
Because we hold that Appellant=s challenge to the misdemeanor indictment was not cognizable via a
pretrial writ of habeas corpus, we affirm the trial court=s denial of relief.








                                          BACKGROUND
         

On August 12, 2003, the grand
jury returned a two-count indictment against Appellant alleging violations of
section 37.09(a)(2) of the Texas Penal Code regarding tampering with or
fabricating physical evidence.  See
Tex. Penal Code Ann. ' 37.09(a)(2) (Vernon 2003). 
Basically, the indictment alleged that on January 26, 2002, Appellant
buried a training bomb on property that was in litigation and then informed the
police that she had found an unexploded bomb on the property which had once been
used by the military for training purposes.[1]








On May 26, 2004, Appellant
filed a detailed amended motion to quash the indictment on numerous grounds
relating to the failure of both counts of the indictment to provide adequate
notice of the specific conduct constituting an offense.

On that same date, the State
filed a motion requesting the trial court Adismiss the above and numbered criminal action for the reason: . . .
The conduct alleged in the indictment does not constitute an offense.@  The trial court granted the
motion on the same day and dismissed the cause.








Forty-three days later, on
July 8, 2004, the State charged Appellant by direct reindictment with two
misdemeanor offenses that allegedly occurred on January 26, 2002:  false report to an official agency, see
id. ' 42.06(a)(1); and possession of a hoax bomb, see id. ' 46.08(a)(1) & (2).[2]  The statute of limitations for these two
misdemeanor offenses is two years.  Tex. Code Crim. Proc. Ann. art. 12.02
(Vernon 2005).[3]  Thus, the misdemeanor indictment was not
filed within the limitations period. 
However, article 12.05 of the code of criminal procedure provides, in
pertinent part:

(b)  The
time during the pendency of an indictment, information, or complaint shall not
be computed in the period of limitation.

 

(c)  The
term Aduring
the pendency,@ as
used herein, means that period of time beginning with the day the indictment,
information, or complaint is filed in a court of competent jurisdiction, and
ending with the day such accusation is, by an order of a trial court having
jurisdiction thereof, determined to be invalid for any reason. 

 

Id. art.
12.05 (b) & (c).

The misdemeanor indictment
contained a tolling paragraph that provided as follows:

TOLLING
PARAGRAPH:  AND I DO FURTHER PRESENT IN
AND TO SAID COURT THAT HERETOFORE, ON THE 6TH DAY OF AUGUST, 2003, A COMPLAINT
WAS DULY FILED IN THE 213TH CRIMINAL DISTRICT COURT OF TARRANT COUNTY, TEXAS,
CHARGING SAID DEFENDANT WITH AN OFFENSE ARISING OUT OF THE SAME CONDUCT.

 








On August 18, 2004, Appellant
filed a motion pursuant to article 27.08 seeking to set aside the misdemeanor
indictment claiming that prosecution under the document was barred by
limitations.  See id. art.
27.08(2).[4]  The trial court held a hearing on the motion
and denied it on September 22, 2004; Appellant filed an interlocutory appeal to
this court.  We notified Appellant of our
concern that we did not have jurisdiction to review the interlocutory order
absent a final judgment of conviction.  Ahmad
v. State, 158 S.W.3d 525, 527 (Tex. App.CFort Worth 2004, pet. ref=d) (Ahmad I).  Appellant
responded that she was entitled to appeal because the face of the misdemeanor
indictment indicated the charged offense is barred by limitations.  Id. 
In support of her contention, Appellant relied solely upon two cases
that were appeals from denials of relief in pretrial writs of habeas
corpus.  Id.  We concluded that neither of these cases was
applicable to the jurisdiction issue before us because both of those cases were
appeals from trial court orders that denied pretrial habeas corpus relief.  Id. 
Accordingly, we held that the order Appellant sought to appeal was not a
final judgment and was not a permissible interlocutory appeal.  Id.








The court of criminal appeals
has since reiterated the distinction for appellate purposes between a pretrial
motion such as Appellant initially filed in the trial court in the instant case
and Appellant=s subsequent
pretrial writ of habeas corpus:

Although there is sometimes little difference
between a pretrial writ of habeas corpus and a pretrial motion as a vehicle to
raise legal issues in the trial court, there is a vast difference between the
two in terms of appellate rights.  The
denial of relief on a pretrial writ of habeas corpus may be appealed
immediately, but the denial of a pretrial motion may be appealed only after
conviction and sentencing.  Because the
denial of habeas corpus relief, based on fundamental constitutional principles,
permits an interlocutory appeal, appellate courts are careful to ensure that a
pretrial writ is not misused "to secure pretrial appellate review of
matters that in actual fact should not be put before appellate courts at the
pretrial stage."  A pretrial writ of
habeas corpus generally may not be used to test the sufficiency of a complaint,
information, or indictment.  A pretrial
writ of habeas corpus may be used, however, to challenge the jurisdiction of
the court if the face of the indictment shows that any prosecution is barred by
the statute of limitations.  This is
because the defect is incurable and irreparable.  Limitations is an absolute bar to
prosecution.  There is no point in
wasting scarce judicial and societal resources or putting the defendant to
great expense, inconvenience, and anxiety if the ultimate result is never in
question.

 

Ex parte Smith, 178 S.W.3d 797, 801-02 (Tex. Crim. App. 2005) (footnotes omitted).








On August 16, 2005, Appellant
filed a pretrial writ of habeas corpus alleging that prosecution under the
misdemeanor indictment is barred by limitations.  The trial court granted the writ, held a hearing
on the merits of the writ, and denied the requested relief.  Appellant appealed from the trial court=s ruling.

                                  THE TOLLING PARAGRAPH 

In Hernandez v. State,
the court of criminal appeals addressed the requirements of article 12.05(b) as
a matter of first impression.  127 S.W.3d
768, 770 (Tex. Crim. App. 2004).  The
court concluded that, 

Based on our review of the public policy
implications, we hold that, to fulfill the legislature=s
purpose in enacting Article 12.05(b), a prior indictment tolls the statute of
limitations under Article 12.05(b) for a subsequent indictment when both
indictments allege the same conduct, same act, or same transaction.

 

Id. at
774.

Appellant contends that the
tolling provision of article 12.05 is not applicable for two reasons:  the State admitted that the conduct alleged
in the felony indictment did not constitute an offense; and the two indictments
do not allege the same conduct, act, or transaction.  The State responds that because the
misdemeanor indictment contains a tolling paragraph alleging that limitations
were tolled by the filing of a felony complaint arising from the same conduct,
the trial court did not err by denying the pretrial writ of habeas corpus. 

 

 

 








             IS APPELLANT ENTITLED TO PRETRIAL HABEAS RELIEF?

The State agrees that the
prior appeal of Appellant=s pretrial
motion to set aside the misdemeanor indictment was properly denied by this
court because it was an interlocutory order not subject to direct appeal, and
that the trial court=s ruling may
be appealed after final conviction and sentencing.  However, the State contends that Appellant is
not entitled to appellate relief in this appeal from the denial of her pretrial
writ of habeas corpus because any alleged deficiency in the tolling paragraph
of the misdemeanor indictment is not cognizable via a pretrial writ of habeas
corpus.

After our opinion in Ahmad
I, the court of criminal appeals decided Ex parte Smith in which it
repeated that a defendant may use a pretrial writ of habeas corpus only in very
limited circumstances.  Ex parte Smith,
178 S.W.3d  at 801.  The accused may use a pretrial writ of habeas
corpus:  to challenge the State=s power to restrain him at all; to challenge the manner of his
pretrial restraint, i.e., the denial of bail or conditions attached to bail;
and to raise certain issues which, if meritorious, would bar prosecution or
conviction.  Id. 

The issue in Ex parte
Smith was whether a defendant may complain in a pretrial petition for writ
of habeas corpus about the sufficiency of a tolling allegation in a charging
instrument.  In holding he may not, the
court stated, 








When
a charging instrument shows on its face that prosecution is barred by the
statute of limitations and that pleading is not reparable, a defendant may seek
relief from a time-barred prosecution by a pretrial petition for a writ of
habeas corpus.  If, on the other hand,
the information or indictment does contain a tolling allegation, any errors,
omissions, or defects in that tolling language must be raised in a pretrial
motion to dismiss or they are waived. 
These reparable defects cannot be raised by a pretrial petition for a
writ of habeas corpus and are not subject to interlocutory appeal.

 

Id. at
799.

 

The court further explained
that if the State=s pleading
includes a Atolling
paragraph,@ Aexplanatory averments,@ or Aeven >innuendo allegations,=@ this suffices to show that the charged offense is not, at least on
the face of the indictment, barred by limitations.  Id. at 803.  The court concluded that because the face of
the charging instrument did not show that prosecution was absolutely barred by
the statute of limitations, the sufficiency issue was not cognizable via a
pretrial writ of habeas corpus and could not be raised in an interlocutory
appeal.  Id. at 805.








The misdemeanor indictment in
the case at bar does not show on its face that prosecution is barred by the two-year
statute of limitations and that pleading is not reparable.  On the contrary, the misdemeanor indictment
specifically contains a tolling allegation. 
Accordingly, pursuant to Ex parte Smith, Appellant may not
utilize a pretrial writ of habeas corpus to challenge the sufficiency of the
tolling allegation in the misdemeanor indictment.  See id. at 803.[5]  We overrule Appellant=s sole point. 

                                           CONCLUSION   

Having overruled Appellant=s sole point, we affirm the judgment of the trial court.

 

DIXON W. HOLMAN

JUSTICE

 

 

PANEL
A:  HOLMAN, GARDNER, and WALKER, JJ.

 

WALKER,
J. concurs without opinion.

 

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 11, 2007

 

 











[1]The two counts alleged that
Appellant on or about January 26, 2002, did

INTENTIONALLY OR KNOWINGLY, MAKE,
PRESENT, OR USE, A THING, TO-WIT:  A
TRAINING BOMB, WHICH SHE BURIED THAT DAY ON GROUNDS ONCE USED FOR MILITARY
TRAINING, BUT WHICH DEVICE SHE POINTED OUT TO A POLICE OFFICER AS AN UNEXPLODED
BOMB UNEARTHED AS A RESULT OF CONSTRUCTION ACTIVITIES ON THE SITE, WITH
KNOWLEDGE OF ITS FALSITY IN THE PROBATIVE ASPECTS OF MANNER PLACED AND MEANS
FOUND, WHILE KNOWING THAT AN OFFICIAL PROCEEDING WAS PENDING OR IN PROGRESS,
TO-WIT:  A LAWSUIT FILED AGAINST KB HOMES
AND OTHER DEFENDANTS, BY PLAINTIFFS WHOM SHE WAS ADVISING, AND JANET KAY AHMAD
ACTED WITH INTENT TO AFFECT THE COURSE OR OUTCOME OF THE OFFICIAL PROCEEDING,

 

COUNT TWO:  AND IT IS FURTHER
PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND
STATE AFORESAID ON OR ABOUT THE 26TH DAY OF JANUARY, 2002, DID INTENTIONALLY OR
KNOWINGLY, MAKE, PRESENT, OR USE, A THING, TO-WIT:  A TRAINING BOMB, WHICH SHE BURIED THAT DAY ON
GROUNDS ONCE USED FOR MILIARY TRAINING, BUT WHICH DEVICE SHE POINTED OUT TO A
POLICE OFFICER AS AN UNEXPLODED BOMB UNEARTHED AS A RESULT OF CONSTRUCTION
ACTIVITIES ON THE SITE, WITH KNOWLEDGE OF ITS FALSITY IN THE PROBATIVE ASPECTS
OF MANNER PLACED AND MEANS FOUND, WHILE KNOWING THAT AN OFFICIAL PROCEEDING WAS
PENDING OR IN PROGRESS, TO-WIT:  A POLICE
INVESTIGATION REGARDING A BOMB, WHICH INVESTIGATION WAS INSTIGATED AT HER
REQUEST, RELAYED BY A 911 CALL THROUGH ANOTHER TO THE ARLINGTON POLICE
DEPARTMENT, AND JANET KAY AHMAD ACTED WITH INTENT TO AFFECT THE COURSE OR
OUTCOME OF THE INVESTIGATION.





[2]The two counts alleged that on
January 26, 2002, Appellant did

 

HERETOFORE THEN AND THERE
INTENTIONALLY OR KNOWINGLY, INITIATE, COMMUNICATE, CIRCULATE, OR BROADCAST, A
REPORT OF A PRESENT, PAST OR FUTURE OTHER EMERGENCY TO-WIT:  THAT A BOMB WAS LOCATED IN A RESIDENTIAL
DEVELOPMENT LOCATED AT OR NEAR 7524 CRESSWELL DRIVE, ARLINGTON, TEXAS, THAT SHE
KNEW TO BE FALSE OR BASELESS AND WOULD ORDINARILY CAUSE ACTION BY AN OFFICIAL
OR VOLUNTEER AGENCY TO DEAL WITH EMERGENCIES, TO-WIT:  THE ARLINGTON POLICE OR FIRE DEPARTMENT.

            

COUNT TWO:  AND IT IS FURTHER
PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND
STATE AFORESAID ON OR ABOUT THE 26TH DAY OF JANUARY, 2002, DID THEN AND THERE
KNOWINGLY POSSESS A HOAX BOMB WITH THE INTENT TO USE THE HOAX BOMB TO MAKE
ANOTHER BELIEVE THAT THE HOAX BOMB WAS AN EXPLOSIVE OR INCENDIARY DEVICE OR
WITH INTENT TO CAUSE ALARM OR REACTION OF ANY TYPE BY AN OFFICIAL OF A PUBLIC
SAFETY AGENCY OR VOLUNTEER AGENCY ORGANIZED TO DEAL WITH EMERGENCIES. 





[3]AAn indictment or information for
any misdemeanor may be presented within two years from the date of the
commission of the offense, and not afterward.@ 
Id.





[4]Providing that AThere is no exception to the
substance of an indictment or information except: . . . 2.  That it appears from the face thereof that a
prosecution for the offense is barred by a lapse of time, . . . .@ 
Id.





[5]Appellant
filed a motion to set aside the misdemeanor indictment, which motion was denied
by the trial court after a hearing.  The
propriety of the trial court=s denial of that motion may
be raised in an appeal from a final judgment of conviction and sentencing.  See id. at 801.