COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-338-CR

EX PARTE JANET AHMAD 

------------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

OPINION

------------

This is an appeal of the denial of relief requested in Appellant’s pretrial writ of habeas corpus which sought to set aside the pending misdemeanor indictment on the grounds that prosecution is barred by the applicable two-year statute of limitations.  The State contends limitations were tolled, as pled in the misdemeanor indictment.  Appellant asserts the tolling provision is inadequate to toll limitations because the prior felony indictment did not allege an offense.  Because we hold that Appellant’s challenge to the misdemeanor indictment was not cognizable via a pretrial writ of habeas corpus, we affirm the trial court’s denial of relief.

   
BACKGROUND
 

On August 12, 2003, the grand jury returned a two-count indictment against Appellant alleging violations of section 37.09(a)(2) of the Texas Penal Code regarding tampering with or fabricating physical evidence.  
See
 
Tex. Penal Code Ann.
 § 37.09(a)(2) (Vernon 2003).  Basically, the indictment alleged that on January 26, 2002, Appellant buried a training bomb on property that was in litigation and then informed the police that she had found an unexploded bomb on the property which had once been used by the military for training purposes.
(footnote: 1)
 On May 26, 2004, Appellant filed a detailed amended motion to quash the indictment on numerous grounds relating to the failure of both counts of the indictment to provide adequate notice of the specific conduct constituting an offense.

On that same date, the State filed a motion requesting the trial court “dismiss the above and numbered criminal action for the reason: . . . The conduct alleged in the indictment does not constitute an offense.”  The trial court granted the motion on the same day and dismissed the cause.

Forty-three days later, on July 8, 2004, the State charged Appellant by direct reindictment with two misdemeanor offenses that allegedly occurred on January 26, 2002:  false report to an official agency, 
see id.
 § 42.06(a)(1); and possession of a hoax bomb, 
see id.
 § 46.08(a)(1) & (2).
(footnote: 2)  The statute of limitations for these two misdemeanor offenses is two years.  
Tex. Code Crim. Proc. Ann.
 art. 12.02 (Vernon 2005).
(footnote: 3)  Thus, the misdemeanor indictment was not filed within the limitations period.  However, article 12.05 of the code of criminal procedure provides, in pertinent part:

(b)  The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation.

(c)  The term “during the pendency,” as used herein, means that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason. 

Id.
 art. 12.05 (b) & (c).

The misdemeanor indictment contained a tolling paragraph that provided as follows:

TOLLING PARAGRAPH:  AND I DO FURTHER PRESENT IN AND TO SAID COURT THAT HERETOFORE, ON THE 6TH DAY OF AUGUST, 2003, A COMPLAINT WAS DULY FILED IN THE 213TH CRIMINAL DISTRICT COURT OF TARRANT COUNTY, TEXAS, CHARGING SAID DEFENDANT WITH AN OFFENSE ARISING OUT OF THE SAME CONDUCT.

On August 18, 2004, Appellant filed a motion pursuant to article 27.08 seeking to set aside the misdemeanor indictment claiming that prosecution under the document was barred by limitations.  
See
 
id.
 
art. 27.08(2).
(footnote: 4)  The trial court held a hearing on the motion and denied it on September 22, 2004; Appellant filed an interlocutory appeal to this court.  We notified Appellant of our concern that we did not have jurisdiction to review the interlocutory order absent a final judgment of conviction.  
Ahmad v. State
, 158 S.W.3d 525, 527 (Tex. App.—Fort Worth 2004, pet. ref’d) (
Ahmad I
).  Appellant responded that she was entitled to appeal because the face of the misdemeanor indictment indicated the charged offense is barred by limitations.  
Id.
  In support of her contention, Appellant relied solely upon two cases that were appeals from denials of relief in pretrial writs of habeas corpus.  
Id.
  We concluded that neither of these cases was applicable to the jurisdiction issue before us because both of those cases were appeals from trial court orders that denied pretrial habeas corpus relief.  
Id.
  Accordingly, we held that the order Appellant sought to appeal was not a final judgment and was not a permissible interlocutory appeal.  
Id.

The court of criminal appeals has since reiterated the distinction for appellate purposes between a pretrial motion such as Appellant initially filed in the trial court in the instant case and Appellant’s subsequent pretrial writ of habeas corpus:

Although there is sometimes little difference between a pretrial writ of habeas corpus and a pretrial motion as a vehicle to raise legal issues in the trial court, there is a vast difference between the two in terms of appellate rights.  The denial of relief on a pretrial writ of habeas corpus may be appealed immediately, but the denial of a pretrial motion may be appealed only after conviction and sentencing.  Because the denial of habeas corpus relief, based on fundamental constitutional principles, permits an interlocutory appeal, appellate courts are careful to ensure that a pretrial writ is not misused "to secure pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage."  A pretrial writ of habeas corpus generally may not be used to test the sufficiency of a complaint, information, or indictment.  A pretrial writ of habeas corpus may be used, however, to challenge the jurisdiction of the court if the face of the indictment shows that any prosecution is barred by the statute of limitations.  This is because the defect is incurable and irreparable.  Limitations is an absolute bar to prosecution.  There is no point in wasting scarce judicial and societal resources or putting the defendant to great expense, inconvenience, and anxiety if the ultimate result is never in question.

Ex parte Smith
, 178 S.W.3d 797, 801-02 (Tex. Crim. App. 2005) (footnotes omitted).

On August 16, 2005, Appellant filed a pretrial writ of habeas corpus alleging that prosecution under the misdemeanor indictment is barred by limitations.  The trial court granted the writ, held a hearing on the merits of the writ, and denied the requested relief.  Appellant appealed from the trial court’s ruling.

THE TOLLING PARAGRAPH
 

In 
Hernandez v. State
, the court of criminal appeals addressed the requirements of article 12.05(b) as a matter of first impression.  127 S.W.3d 768, 770 (Tex. Crim. App. 2004).  The court concluded that, 

Based on our review of the public policy implications, we hold that, to fulfill the legislature’s purpose in enacting Article 12.05(b), a prior indictment tolls the statute of limitations under Article 12.05(b) for a subsequent indictment when both indictments allege the same conduct, same act, or same transaction.

Id.
 at 774.

Appellant contends that the tolling provision of article 12.05 is not applicable for two reasons:  the State admitted that the conduct alleged in the felony indictment did not constitute an offense; and the two indictments do not allege the same conduct, act, or transaction.  The State responds that because the misdemeanor indictment contains a tolling paragraph alleging that limitations were tolled by the filing of a felony complaint arising from the same conduct, the trial court did not err by denying the pretrial writ of habeas corpus. 

IS APPELLANT ENTITLED TO PRETRIAL HABEAS RELIEF?

The State agrees that the prior appeal of Appellant’s pretrial motion to set aside the misdemeanor indictment was properly denied by this court because it was an interlocutory order not subject to direct appeal, and that the trial court’s ruling may be appealed after final conviction and sentencing.  However, the State contends that Appellant is not entitled to appellate relief in this appeal from the denial of her pretrial writ of habeas corpus because any alleged deficiency in the tolling paragraph of the misdemeanor indictment is not cognizable via a pretrial writ of habeas corpus.

After our opinion in 
Ahmad I
, the court of criminal appeals decided 
Ex parte Smith
 in which it repeated that a defendant may use a pretrial writ of habeas corpus only in very limited circumstances.  
Ex parte Smith
, 178 S.W.3d 
 at 801.  The accused may use a pretrial writ of habeas corpus:  to challenge the State’s power to restrain him at all; to challenge the manner of his pretrial restraint, i.e., the denial of bail or conditions attached to bail; and to raise certain issues which, if meritorious, would bar prosecution or conviction.  
Id.
 

The issue in 
Ex parte Smith
 was whether a defendant may complain in a pretrial petition for writ of habeas corpus about the sufficiency of a tolling allegation in a charging instrument.  In holding he may not, the court stated, 

When a charging instrument shows on its face that prosecution is barred by the statute of limitations and that pleading is not reparable, a defendant may seek relief from a time-barred prosecution by a pretrial petition for a writ of habeas corpus.  If, on the other hand, the information or indictment does contain a tolling allegation, any errors, omissions, or defects in that tolling language must be raised in a pretrial motion to dismiss or they are waived.  These reparable defects cannot be raised by a pretrial petition for a writ of habeas corpus and are not subject to interlocutory appeal.

Id.
 at 799.

The court further explained that if the State’s pleading includes a “tolling paragraph,” “explanatory averments,” or “even ‘innuendo allegations,’” this suffices to show that the charged offense is not, at least on the face of the indictment, barred by limitations.  
Id.
 at 803.  The court concluded that because the face of the charging instrument did not show that prosecution was absolutely barred by the statute of limitations, the sufficiency issue was not cognizable via a pretrial writ of habeas corpus and could not be raised in an interlocutory appeal.  
Id.
 at 805.

The misdemeanor indictment in the case at bar does not show on its face that prosecution is barred by the two-year statute of limitations and that pleading is not reparable.  On the contrary, the misdemeanor indictment specifically contains a tolling allegation.  Accordingly, pursuant to 
Ex parte Smith
, Appellant may not utilize a pretrial writ of habeas corpus to challenge the sufficiency of the tolling allegation in the misdemeanor indictment.  
See id.
 at 803.
(footnote: 5)  We overrule Appellant’s sole point. 

CONCLUSION
 

Having overruled Appellant’s sole point, we affirm the judgment of the trial court.

DIXON W. HOLMAN

JUSTICE

PANEL A:  HOLMAN, GARDNER, and WALKER, JJ.

WALKER, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 11, 2007

FOOTNOTES
1:
The two counts alleged that Appellant on or about January 26, 2002, did

INTENTIONALLY OR KNOWINGLY, MAKE, PRESENT, OR USE, A THING, TO-WIT:  A TRAINING BOMB, WHICH SHE BURIED THAT DAY ON GROUNDS ONCE USED FOR MILITARY TRAINING, BUT WHICH DEVICE SHE POINTED OUT TO A POLICE OFFICER AS AN UNEXPLODED BOMB UNEARTHED AS A RESULT OF CONSTRUCTION ACTIVITIES ON THE SITE, WITH KNOWLEDGE OF ITS FALSITY IN THE PROBATIVE ASPECTS OF MANNER PLACED AND MEANS FOUND, WHILE KNOWING THAT AN OFFICIAL PROCEEDING WAS PENDING OR IN PROGRESS, TO-WIT:  A LAWSUIT FILED AGAINST KB HOMES AND OTHER DEFENDANTS, BY PLAINTIFFS WHOM SHE WAS ADVISING, AND JANET KAY AHMAD ACTED WITH INTENT TO AFFECT THE COURSE OR OUTCOME OF THE OFFICIAL PROCEEDING,

COUNT TWO:  AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 26TH DAY OF JANUARY, 2002, DID INTENTIONALLY OR KNOWINGLY, MAKE, PRESENT, OR USE, A THING, TO-WIT:  A TRAINING BOMB, WHICH SHE BURIED THAT DAY ON GROUNDS ONCE USED FOR MILIARY TRAINING, BUT WHICH DEVICE SHE POINTED OUT TO A POLICE OFFICER AS AN UNEXPLODED BOMB UNEARTHED AS A RESULT OF CONSTRUCTION ACTIVITIES ON THE SITE, WITH KNOWLEDGE OF ITS FALSITY IN THE PROBATIVE ASPECTS OF MANNER PLACED AND MEANS FOUND, WHILE KNOWING THAT AN OFFICIAL PROCEEDING WAS PENDING OR IN PROGRESS, TO-WIT:  A POLICE INVESTIGATION REGARDING A BOMB, WHICH INVESTIGATION WAS INSTIGATED AT HER REQUEST, RELAYED BY A 911 CALL THROUGH ANOTHER TO THE ARLINGTON POLICE DEPARTMENT, AND JANET KAY AHMAD ACTED WITH INTENT TO AFFECT THE COURSE OR OUTCOME OF THE INVESTIGATION.

2:
The two counts alleged that on January 26, 2002, Appellant did

HERETOFORE THEN AND THERE INTENTIONALLY OR KNOWINGLY, INITIATE, COMMUNICATE, CIRCULATE, OR BROADCAST, A REPORT OF A PRESENT, PAST OR FUTURE OTHER EMERGENCY TO-WIT:  THAT A BOMB WAS LOCATED IN A RESIDENTIAL DEVELOPMENT LOCATED AT OR NEAR 7524 CRESSWELL DRIVE, ARLINGTON, TEXAS, THAT SHE KNEW TO BE FALSE OR BASELESS AND WOULD ORDINARILY CAUSE ACTION BY AN OFFICIAL OR VOLUNTEER AGENCY TO DEAL WITH EMERGENCIES, TO-WIT:  THE ARLINGTON POLICE OR FIRE DEPARTMENT.

 

COUNT TWO:  AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 26TH DAY OF JANUARY, 2002, DID THEN AND THERE KNOWINGLY POSSESS A HOAX BOMB WITH THE INTENT TO USE THE HOAX BOMB TO MAKE ANOTHER BELIEVE THAT THE HOAX BOMB WAS AN EXPLOSIVE OR INCENDIARY DEVICE OR WITH INTENT TO CAUSE ALARM OR REACTION OF ANY TYPE BY AN OFFICIAL OF A PUBLIC SAFETY AGENCY OR VOLUNTEER AGENCY ORGANIZED TO DEAL WITH EMERGENCIES.
 

3:
“An indictment or information for any misdemeanor may be presented within two years from the date of the commission of the offense, and not afterward.”  
Id.

4:
Providing that “There is no exception to the substance of an indictment or information except: . . . 2.  That it appears from the face thereof that a prosecution for the offense is barred by a lapse of time, . . . .”  
Id.

5:
Appellant filed a motion to set aside the misdemeanor indictment, which motion was denied by the trial court after a hearing.  The propriety of the trial court’s denial of that motion may be raised in an appeal from a final judgment of conviction and sentencing.  
See id.
 at 801.