COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-132-CR

CHRISTOPHER JOHNSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362
ND
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Christopher Johnson, proceeding pro se, seeks to appeal from a purported ruling on an “objection” he filed in the 362
nd
 District Court of Denton County, Texas.  We dismiss this appeal for want of jurisdiction.

On January 15, 1998, pursuant to Appellant’s negotiated guilty plea, the judge of the 362
nd
 District Court sentenced Appellant to nine months’ confinement in the county jail for the state jail felony of possession of a controlled substance.  This judgment was not appealed.

On March 16, 2007, Appellant filed in the trial court a document entitled “Objection to report of proceedings as fraud and or not correct and demand for copy of original records as shown in the subpoena issued to you or demand for refund.”  On April 5, 2005, Appellant filed a notice of appeal seeking to appeal “the March 22, 2007 Final decision deny objections, refund of $75.00, and refusal to adhere to judicially ordered subpoena duces tecum.”

On April 18, 2007, we notified Appellant of our concern that this court lacks jurisdiction over this appeal because the trial court has not ruled upon the document filed by Appellant on March 16, 2007.
(footnote: 2)  Appellant has responded but his response does not show grounds for continuing the appeal.

A criminal defendant may appeal when “the trial court enters an appealable order.”  
Tex. R. App. P.
 26.2(a)(1).  
Because there is no order that might properly be appealed,
(footnote: 3) we dismiss this appeal for want of jurisdiction.  
See
 
Tex. R. App. P.
 43.2(f).
(footnote: 4)

PER CURIAM

PANEL D:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 24, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
We express no opinion regarding whether the trial court has jurisdiction to rule upon the request filed by Appellant. 
 Cf. State v. Patrick
, 86 S.W.3d 592, 594-96 (Tex. Crim. App. 2002) (orig. proceeding) (holding that a trial court’s jurisdiction expires when a case becomes final or is taken to a higher court, and 
when a conviction has been affirmed on appeal and the mandate has issued, general jurisdiction is not restored in the trial court which has only special or limited jurisdiction to ensure that a higher court's mandate is carried out and to perform other functions enumerated by specific statutes).

3:
Because the trial court did not rule upon Appellant’s request, we need not reach the issue of whether such any such future order might be appealable.  However, we note that generally a criminal defendant may only appeal from a final judgment.  
See State v. Sellers
, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990); 
Ahmad v. State
, 158 S.W.3d 525, 526 (Tex. App.—Fort Worth 2004, pet. ref’d)
.  "The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." 
 Apolinar v. State
, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); 
see
 
Bridle v. State
, 16 S.W.3d 906, 907-08 (Tex. App.—Fort Worth 2000, no pet.).

4:
We deny Appellant’s “Motion To Show Grounds For Continuing Appeal.”