COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-07-132-CR

 

 

CHRISTOPHER JOHNSON                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 362ND DISTRICT COURT OF DENTON
COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Christopher
Johnson, proceeding pro se, seeks to appeal from a purported ruling on an Aobjection@ he filed in
the 362nd District Court of Denton County, Texas.  We dismiss this appeal for want of
jurisdiction.








On January 15, 1998, pursuant
to Appellant=s negotiated
guilty plea, the judge of the 362nd District Court sentenced
Appellant to nine months= confinement
in the county jail for the state jail felony of possession of a controlled
substance.  This judgment was not
appealed.

On March 16, 2007, Appellant
filed in the trial court a document entitled AObjection to report of proceedings as fraud and or not correct and
demand for copy of original records as shown in the subpoena issued to you or
demand for refund.@  On April 5, 2005, Appellant filed a notice of
appeal seeking to appeal Athe March
22, 2007 Final decision deny objections, refund of $75.00, and refusal to
adhere to judicially ordered subpoena duces tecum.@

On April 18, 2007, we
notified Appellant of our concern that this court lacks jurisdiction over this
appeal because the trial court has not ruled upon the document filed by
Appellant on March 16, 2007.[2]  Appellant has responded but his response does
not show grounds for continuing the appeal.








A criminal defendant may
appeal when Athe trial
court enters an appealable order.@  Tex. R. App. P. 26.2(a)(1). 
Because there is no order that might properly be appealed,[3]
we dismiss this appeal for want of jurisdiction.  See Tex.
R. App. P. 43.2(f).[4]

 

PER CURIAM

 

PANEL D: 
HOLMAN, GARDNER, and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
May 24, 2007

 











[1]See Tex. R.
App. P. 47.4.





[2]We
express no opinion regarding whether the trial court has jurisdiction to rule
upon the request filed by Appellant.  Cf. State v. Patrick, 86 S.W.3d 592,
594-96 (Tex. Crim. App. 2002) (orig. proceeding) (holding that a trial court=s
jurisdiction expires when a case becomes final or is taken to a higher court,
and when a conviction has been affirmed on appeal and the mandate has issued,
general jurisdiction is not restored in the trial court which has only special
or limited jurisdiction to ensure that a higher court's mandate is carried out
and to perform other functions enumerated by specific statutes).





[3]Because the trial court did not
rule upon Appellant=s request, we need not reach the
issue of whether such any such future order might be appealable.  However, we note that generally a criminal
defendant may only appeal from a final judgment.  See State v. Sellers, 790 S.W.2d 316,
321 n.4 (Tex. Crim. App. 1990); Ahmad v. State, 158 S.W.3d 525, 526
(Tex. App.CFort Worth 2004, pet. ref=d). 
"The courts of appeals do not have jurisdiction to review
interlocutory orders unless that jurisdiction has been expressly granted by
law."  Apolinar v. State, 820
S.W.2d 792, 794 (Tex. Crim. App. 1991); see Bridle v. State, 16
S.W.3d 906, 907-08 (Tex. App.CFort Worth 2000, no pet.).





[4]We deny Appellant=s AMotion To Show Grounds For
Continuing Appeal.@