COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-318-CR

CHRISTOPHER JOHNSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On January 15, 1998, pursuant to Appellant Christopher Johnson’s negotiated guilty plea, the trial court sentenced him to nine months’ confinement in the county jail for the state jail felony of possession of a controlled substance.  This judgment was not appealed.

On July 2, 2007, Appellant, now apparently incarcerated in another state, filed a “Motion to Vacate Judgment due to Voidness, and Fraud.”  The trial court denied Appellant’s motion, and he filed a notice of appeal attempting to appeal from that order.  We sent a letter to Appellant requesting a response showing grounds for continuing the appeal, as it appeared we lacked jurisdiction because no statute authorizes an appeal from such an order.
(footnote: 2)  Generally, criminal defendants may appeal only from a final judgment, not interlocutory orders such as this one.
(footnote: 3)  We do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law.
(footnote: 4)  Because Appellant has filed two appeals here in recent months, we also point out that this court is not a proper forum for any appellate relief he seeks regarding his 1998 conviction and sentence.

Appellant’s response does not show valid grounds for continuing the appeal.  
Accordingly, we dismiss this case for want of jurisdiction.
(footnote: 5)

PER CURIAM

PANEL D: DAUPHINOT, LIVINGSTON
 and 
HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  October 18, 2007

FOOTNOTES
1:
See
 
Tex. R. App.
 47.4.

2:
See
 
Tex. Code Crim. Proc. Ann. 
art. 44.02 (Vernon 2002).

3:
See State v. Sellers
, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990); 
Ahmad v. State
, 158 S.W.3d 525, 526 (Tex. App.—Fort Worth 2004, pet. ref’d).

4:
Apolinar v. State
, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); 
see Bridle v. State
, 16 S.W.3d 906, 907-08 (Tex. App.—Fort Worth 2000, no pet.).

5:
See
 
Tex. R. App. P.
 43.2(f).