COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-318-CR

 

 

CHRISTOPHER JOHNSON                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

On January 15, 1998, pursuant to Appellant Christopher
Johnson=s negotiated
guilty plea, the trial court sentenced him to nine months= confinement in
the county jail for the state jail felony of possession of a controlled
substance.  This judgment was not
appealed.








On July 2, 2007, Appellant, now apparently incarcerated in
another state, filed a AMotion to Vacate Judgment due to Voidness,
and Fraud.@ 
The trial court denied Appellant=s motion, and he
filed a notice of appeal attempting to appeal from that order.  We sent a letter to Appellant requesting a
response showing grounds for continuing the appeal, as it appeared we lacked
jurisdiction because no statute authorizes an appeal from such an order.[2]  Generally, criminal defendants may appeal
only from a final judgment, not interlocutory orders such as this one.[3]  We do not have jurisdiction to review
interlocutory orders unless that jurisdiction has been expressly granted by
law.[4]  Because Appellant has filed two appeals here
in recent months, we also point out that this court is not a proper forum for
any appellate relief he seeks regarding his 1998 conviction and sentence.

 

 








Appellant=s response does
not show valid grounds for continuing the appeal.  Accordingly, we dismiss this case for want of
jurisdiction.[5]

 

PER CURIAM

PANEL
D:    DAUPHINOT, LIVINGSTON and HOLMAN,
JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  October 18, 2007

 











[1]See Tex. R. App. 47.4.





[2]See Tex. Code Crim. Proc. Ann. art. 44.02
(Vernon 2002).





[3]See
State v. Sellers, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990);
Ahmad v. State, 158 S.W.3d 525, 526 (Tex. App.CFort
Worth 2004, pet. ref=d).





[4]Apolinar
v. State, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); see
Bridle v. State, 16 S.W.3d 906, 907-08 (Tex. App.CFort
Worth 2000, no pet.).





[5]See Tex. R. App. P. 43.2(f).