COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-380-CR

 

 

GERALD WAYNE JOHNSON                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








On April 17, 2006, the trial
court entered a judgment on Appellant Gerald Wayne Johnson=s plea of guilty to theft of a person and sentenced him to five years= confinement in the Institutional Division of the Texas Department of
Criminal Justice.  Appellant did not file
a motion for new trial.  Consequently,
his notice of appeal from the judgment was due May 17, 2006.[2]  His notice of appeal was not filed until
October 9, 2007; thus it was untimely.[3]  In addition to the judgment, Appellant=s notice of appeal appears to complain of the trial court=s May 19, 2006 order garnishing his inmate trust account for court
costs incurred in the trial court.

Because the notice of appeal
was untimely and it appeared we lacked jurisdiction, we sent a letter to
Appellant on October 16, 2007, requesting a response showing grounds for
continuing the appeal.  Appellant=s response does not show such grounds.








A notice of appeal that
complies with the requirements of rule 26 is essential to vest this court with
jurisdiction.[4]  The Texas Court of Criminal Appeals has
expressly held that without a timely filed notice of appeal or motion for
extension of time, we cannot exercise jurisdiction over an appeal.[5]  Further, to the extent that Appellant is
complaining of the postconviction order, 
defendants in criminal cases may appeal generally only from a final
judgment, not interlocutory orders.[6]  We do not have jurisdiction to review
interlocutory orders unless that jurisdiction has been expressly granted by
law.[7]

Because Appellant=s notice of appeal was untimely filed and because we do not have
jurisdiction to review the May 19, 2006 postconviction order, we dismiss this
case for want of jurisdiction.[8]

 

PER CURIAM

PANEL D:   DAUPHINOT, HOLMAN, and
GARDNER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
November 15, 2007











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P. 26.2(a)(2).





[3]Id.





[4]Id.





[5]Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).





[6]State
v. Sellers, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990);
Ahmad v. State, 158 S.W.3d 525, 526 (Tex. App.CFort
Worth 2004, pet. ref=d).





[7]Apolinar
v. State, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); see
Bridle v. State, 16 S.W.3d 906, 907-08 (Tex. App.CFort
Worth 2000, no pet.).





[8]See Tex. R. App. P. 26.2(a)(2), 43.2(f).