COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-380-CR

GERALD WAYNE JOHNSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On April 17, 2006, the trial court entered a judgment on Appellant Gerald Wayne Johnson’s plea of guilty to theft of a person and sentenced him to five years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant did not file a motion for new trial.  Consequently, his notice of appeal from the judgment was due May 17, 2006.
(footnote: 2)  His notice of appeal was not filed until October 9, 2007; thus it was untimely.
(footnote: 3)  In addition to the judgment, Appellant’s notice of appeal appears to complain of the trial court’s May 19, 2006 order garnishing his inmate trust account for court costs incurred in the trial court.

Because the notice of appeal was untimely and it appeared we lacked jurisdiction, we sent a letter to Appellant on October 16, 2007, requesting a response showing grounds for continuing the appeal.  Appellant’s response does not show such grounds.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction.
(footnote: 4)  The Texas Court of Criminal Appeals has expressly held that without a timely filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal.
(footnote: 5)  Further, to the extent that Appellant is complaining of the postconviction order,  defendants in criminal cases may appeal generally only from a final judgment, not interlocutory orders.
(footnote: 6)  We do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law.
(footnote: 7)
 Because Appellant’s notice of appeal was untimely filed and because we do not have jurisdiction to review the May 19, 2006 postconviction order, we dismiss this case for want of jurisdiction.
(footnote: 8)

PER CURIAM

PANEL D: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 15, 2007

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
See
 
Tex. R. App. P.
 26.2(a)(2).

3:
Id.

4:
Id.

5:
Olivo v. State
, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

6:
State v. Sellers
, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990); 
Ahmad v. State
, 158 S.W.3d 525, 526 (Tex. App.—Fort Worth 2004, pet. ref’d).

7:
Apolinar v. State
, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); 
see Bridle v. State
, 16 S.W.3d 906, 907-08 (Tex. App.—Fort Worth 2000, no pet.).

8:
See 
Tex. R. App. P.
 26.2(a)(2), 43.2(f).