

# IN THE
# TENTH COURT OF APPEALS

No. 10-13-00056-CR
No. 10-13-00057-CR
No. 10-13-00059-CR
No. 10-13-00060-CR

**WILLIAM C. WEBB,**

                                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                            **Appellee**

From the 54th District Court
McLennan County, Texas
Trial Court Nos. 2012-675-C2 and 2012-678-C2

## MEMORANDUM  OPINION

William Charles Webb has filed four more pro se notices of appeal of the trial

court's interlocutory rulings in his two pending criminal cases.[1]  In case nos. 10-13-

00056-CR and 10-13-00057-CR, Webb appeals the trial court's putative denial of his pro

---

[1] To date, Webb has filed six other similar pro se notices of appeal of trial court interlocutory rulings. Four (Nos. 10-12-00230-CR, 10-12-00231-CR, 10-12-00365-CR, and 10-12-00366-CR) have been dismissed for lack of jurisdiction, and two (Nos. 10-12-00472-CR and 10-12-00473-CR) were transferred to another appellate court pursuant to a Texas Supreme Court docket equalization order.

se motions to quash the indictment in his two pending criminal cases. In case no. 10-13-00059-CR, Webb filed a joint notice of appeal of the trial court's denial of his motions to dismiss in which he alleged discriminatory prosecution. And in case no. 10-13-00060-CR, Webb filed a joint notice of appeal of the trial court's denial of his motions to dismiss in which he alleged a violation of his Sixth Amendment right to a speedy trial.

The standard for determining appellate jurisdiction in a criminal case is not whether the appeal is precluded by law, but whether the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). "The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." *Ahmad v. State*, 158 S.W.3d 525, 526 (Tex. App.—Fort Worth 2004, pet. ref'd) (quoting *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991)). No law authorizes the interlocutory appeals at issue.[2] We dismiss these appeals for lack of jurisdiction.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Dismissed
Opinion delivered and filed March 14, 2013
Do not publish
[CR25]

---

[2] Webb has pending two appeals (Nos. 10-12-00362-CR and 10-12-00363-CR) from the trial court's denial of Webb's pretrial habeas applications to reduce bail. Webb's trial-court appointed counsel is representing Webb in these two appeals. The Clerk of the Court is directed to provide Webb's counsel with a copy of this opinion so that, if necessary, Webb's counsel can explain to Webb why all of Webb's interlocutory appeals are being dismissed for lack of jurisdiction and are a waste of judicial resources.