

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-13-00132-CR**
**NO. 02-13-00133-CR**

LEAH LOUISE ALLEN                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                                        STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Leah Louise Allen filed a pro se notice of appeal in two criminal cases. For the reasons discussed below, we dismiss the appeals.

In July 2011, the trial court signed orders deferring its adjudication of appellant's guilt for forgery and for the fraudulent use of less than five items of

---

[1]*See* Tex. R. App. P. 47.4.

identifying information.[2]  In both cases, the court placed appellant on community supervision for three years.  On April 18, 2012, the court issued an order that amended appellant's conditions of community supervision in both cases.  The order required appellant, among other tasks, to remain in a substance abuse felony punishment (SAFP) facility for no more than one year and to comply with all rules of the facility.  On May 22, 2012, appellant filed a notice of appeal in both cases.

In September 2013, we received a letter from appellant's counsel that stated in part,

> As I understand it[,] [appellant] was sent to SAFP by her probation officer.  She did not like that and filed a Notice of Appeal. Since that time she [was] removed from SAFP and is still on probation.
>
> I don't believe that this is an appealable matter and the issue is moot since she has been released from SAFP.
>
> The appeal should be dismissed.

On September 27, 2013, we sent letters to the parties.  In our letters, we expressed concern that we lacked jurisdiction over the appeals because the trial court had not entered any appealable orders.  We stated that unless any party desiring to continue the appeals filed a response showing grounds for doing so, we could dismiss the appeals for want of jurisdiction.  We have not received a response to our letters.

---

[2]*See* Tex. Penal Code Ann. § 32.21(b) (West 2011), § 32.51(b), (c)(1) (West Supp. 2013).

Generally, a criminal defendant may appeal only from a final judgment. *Ahmad v. State*, 158 S.W.3d 525, 526 (Tex. App.—Fort Worth 2004, pet. ref'd). We do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted to us. *Id.*; *Fry v. State*, 112 S.W.3d 611, 613 (Tex. App.—Fort Worth 2003, pet. ref'd) (en banc). To the extent that appellant's notice of appeal in these cases relates to the trial court's April 18, 2012 order amending her community supervision terms, that order is not appealable, and we have no jurisdiction. *See Ahmad*, 158 S.W.3d at 526; *see also Davis v. State*, 195 S.W.3d 708, 711 (Tex. Crim. App. 2006); *Jenerette v. State*, Nos. 02-13-00092-CR, 02-13-00093-CR, 2013 WL 2631297, at *1 (Tex. App.—Fort Worth June 13, 2013, no pet.) (mem. op., not designated for publication).

Moreover, to the extent that appellant's appeals relate to the trial court's July 2011 orders deferring its adjudication of her guilt, her May 2012 notice of appeal was untimely, and we have no jurisdiction over the appeals. *See* Tex. R. App. P. 26.2(a); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Garcia v. State*, 29 S.W.3d 899, 901 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Vu v. State*, 985 S.W.2d 613, 614 (Tex. App.—Fort Worth 1999, no pet.).

For these reasons, we conclude that we lack jurisdiction to consider appellant's appeals, and we dismiss them. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 5, 2013