

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00009-CR

**MILTON GARDNER,**

                                                                  **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                  **Appellee**

### From the 77th District Court
### Limestone County, Texas
### Trial Court No. 13074-A

## MEMORANDUM  OPINION

Appellant Milton Gardner filed a pro se notice of appeal of the trial court's denial of his motion to set aside indictment for failure to afford constitutional right to speedy trial.

The standard for determining appellate jurisdiction in a criminal case is not whether the appeal is precluded by law, but whether the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008).  "The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been

expressly granted by law." *Ahmad v. State*, 158 S.W.3d 525, 526 (Tex. App.—Fort Worth 2004, pet. ref'd) (quoting *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991)).

The Clerk of the Court notified Appellant that this case was subject to dismissal for want of jurisdiction and that the Court might dismiss his appeal unless he showed grounds for continuing it. Appellant responded to the Clerk's letter, but his response does not show that we have jurisdiction. No law authorizes this interlocutory appeal. We dismiss the appeal for lack of jurisdiction.[1]

REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Dismissed
Opinion delivered and filed February 6, 2014
Do not publish
[CR25]

---

[1] The State's motion to dismiss is dismissed as moot.