**James W. BRIDLE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–00–045–CR.**

Court of Appeals of Texas, Fort Worth.

April 27, 2000.

Robert S. Williams, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Betty Arvin, Asst. Dist. Atty., Tarrant County, for Appellee.

Panel D: HOLMAN, J.; CAYCE, C.J.; and GARDNER, J.

## OPINION

PER CURIAM.

James W. Bridle appeals from the trial court's order requiring him to have an ignition interlock device installed on his vehicle as a condition of his pretrial bond. We dismiss the appeal for want of jurisdiction.

Appellant was arrested on December 12, 1999 for driving while intoxicated (DWI). The information contains an enhancement paragraph alleging that appellant was previously convicted of DWI on January 4, 1999. Because appellant was charged with his second DWI offense, the trial court conditioned appellant's pretrial bond in part on the installation of an ignition interlock device on his vehicle, as required by Tex.Code Crim. Proc. Ann. art. 17.441 (Vernon Supp.2000). Appellant appeals from the order requiring the interlock ignition device.

Generally, we only have jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *See Workman v. State*, 170 Tex.Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex.App.—Fort Worth 1996, no pet.). We do not have jurisdiction to review interlocutory orders such as the one in this case unless that jurisdiction has been expressly granted to us by law. *See Ex parte Apolinar v. State*, 820 S.W.2d 792, 794 (Tex.Crim.App.1991). The narrow exceptions to this rule do not apply here,[1] and we have found no statute that would authorize us to address appellant's

1. The exceptions include: (1) certain appeals while on deferred adjudication community supervision, *see Kirk v. State*, 942 S.W.2d 624, 625 (Tex.Crim.App.1997); (2) appeals from the denial of a motion to reduce bond, *see* Tex.R.App. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *see Wright v. State*, 969 S.W.2d 588, 589 (Tex.App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

interlocutory appeal. No statute or rule vests this court with jurisdiction over direct appeals from pretrial bond rulings. *See Benford v. State,* 994 S.W.2d 404, 409 (Tex.App.—Waco 1999, no pet.) (holding it lacked jurisdiction over direct appeal from pretrial order increasing bail); *Wright,* 969 S.W.2d at 590–91 (refusing to construe TEX.R.APP. P. 31.1 as encompassing direct appeal of pretrial order revoking bond); *Ex parte Shumake,* 953 S.W.2d 842, 844 (Tex.App.—Austin 1997, no pet.) (holding pretrial order raising bail is not appealable).

On February 17, 2000, we notified the parties of our concern that we lacked jurisdiction over this appeal and informed them that the appeal would be dismissed for want of jurisdiction unless appellant or any party desiring to continue the appeal filed with the court a response showing grounds for continuing the appeal. *See* TEX.R.APP. P. 44.3. No response has been filed. Accordingly, we dismiss the appeal for want of jurisdiction.