COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-05-198-CR
 
  
TRAVIS 
MARK SMITH                                                            APPELLANT
 
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Travis Mark Smith, a pro se incarcerated inmate, seeks to appeal from a 
purported ruling on a petition for declaratory judgment he filed in Criminal 
District Court No. Four of Tarrant County, Texas, the court that sentenced him 
in 1994 to twenty years’ confinement for credit card abuse.[2]  
We dismiss the appeal for want of jurisdiction.
        On 
February 18, 2005, Appellant filed his petition for declaratory judgment 
requesting the trial court to declare that the Texas Department of Criminal 
Justice and the Texas Board of Pardons and Paroles have unlawfully applied 
certain rules regarding parole and credit for time served. The face of the 
motion bears the notation, “Presented to Judge Thomas & no action taken. 
MC.”  On March 8, 2005, Appellant filed a notice of appeal complaining of 
the trial court’s notation of “no action taken.”
        On 
June 9, 2005, we notified Appellant of our concern that this court lacks 
jurisdiction over this appeal because the trial court has not ruled upon his 
petition for declaratory judgment.[3]   
Appellant has responded that “no action taken” is the same as a denial order 
and is therefore appealable.
        A 
criminal defendant may appeal when “the trial court enters an appealable 
order.”  Tex. R. App. P. 
26.2(a)(1).  It is the written order that memorializes the judge's intent 
to authenticate the action taken. State v. Shaw, 4 S.W.3d 875, 877-78 
(Tex. App.—Dallas 1999, no pet.); see State v. Rosenbaum, 818 S.W.2d 
398, 402 (Tex. Crim. App. 1991) (holding the term "entered by the 
court" encompasses the signing of an order by the trial judge).  We 
disagree that the notation by the trial court clerk of “no action taken” is 
the equivalent of an order by the trial court that might be appealable.
        Accordingly, 
because there is no written order that might properly be appealed,[4] we dismiss this appeal for want of jurisdiction.  See 
Tex. R. App. P. 43.2(f).
   
   
                                                                  PER 
CURIAM
 
 
 
PANEL 
D: HOLMAN, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 21, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
No appeal was taken from this conviction.  Appellant subsequently filed a 
motion to vacate this conviction, which the trial court denied; this court 
dismissed Appellant’s appeal for want of jurisdiction, holding that article 
11.07 of the code of criminal procedure provides the exclusive means for 
challenging a final felony conviction.  Smith v. State, Nos. 
2-03-385-389-CR, 2003 WL 22417212, at * 1 (Tex. App.—Fort Worth Oct. 23, 2003, 
no pet.) (mem. op.) (not designated for publication); see Tex. Code Crim. Proc. Ann. art. 11.07 
(Vernon 2005).
3.  
The State has responded that the trial court took no action on Appellant’s 
petition for declaratory judgment because the trial court lacked jurisdiction to 
consider the petition.  See State v. Patrick, 86 S.W.3d 592, 594-95 
(Tex. Crim. App. 2002) (holding that when a conviction has been affirmed on 
appeal and the mandate has issued, general jurisdiction is not restored in the 
trial court which has only special or limited jurisdiction to ensure that a 
higher court's mandate is carried out and to perform other functions enumerated 
by specific statutes).
4.  
Because the trial court did not sign an order disposing of Appellant’s motion, 
we need not reach the issue of whether such an order might be appealable.  
However, we note that generally a criminal defendant may only appeal from a 
final judgment.  See State v. Sellers, 790 S.W.2d 316, 321 n.4 (Tex. 
Crim. App. 1990); Ahmad v. State, 158 S.W.3d 525, 526 (Tex. App.—Fort 
Worth 2004, pet. ref’d).  "The courts of appeals do not have 
jurisdiction to review interlocutory orders unless that jurisdiction has been 
expressly granted by law."  Apolinar v. State, 820 S.W.2d 792, 
794 (Tex. Crim. App. 1991); see Bridle v. State, 16 S.W.3d 906, 
907-08 (Tex. App.—Fort Worth 2000, no pet.).