COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| JAVIER FLORES, | | No. 08-10-00063-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 41st District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20090D03590) |
| | § | |

**<u>MEMORANDUM OPINION</u>**

This appeal is before the Court on its own motion for determination whether the appeal should be dismissed for want of jurisdiction. Finding that there is no appealable order, we dismiss the appeal for want of jurisdiction.

Appellant, *pro se*, filed a handwritten notice of appeal on January 20, 2010 indicating an intent to appeal various actions of the trial court which allegedly deprived Appellant of his constitutional rights. Appellant's notice of appeal also includes a statement that the trial court refused to rule on his application for writ of habeas corpus. The District Clerk has provided information to the Court indicating that neither a judgment of conviction nor an appealable order has been entered by the trial court. On February 16, 2010, the Clerk of the Court notified Appellant of the Court's intent to dismiss the appeal for want of jurisdiction unless Appellant filed a response within fifteen days showing the Court has jurisdiction of the appeal. No response has been received.

Generally, we only have jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *See Workman v. State*, 170 Tex.Crim. 621, 343 S.W.2d 446, 447 (1961); *Bridle v. State*, 16 S.W.3d 906, 907 (Tex.App.--Fort Worth 2000, no pet.).

An appellate court does not have jurisdiction to consider interlocutory orders, unless that jurisdiction has been expressly granted by law. *See* TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 2006); *Bridle*, 16 S.W.3d at 907. The exceptions to the rule are: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex.Crim.App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX.R.APP.P. 31.1; *McKown v. State*, 915 S.W.2d 160, 161 (Tex.App.--Fort Worth 1996, no pet.); and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex.App.--Dallas 1998, no pet.). When a trial judge refuses to issue a writ or denies an applicant a hearing on the merits of his or her claims, there is no right to appeal. *Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex.Crim.App. 2008), *citing Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex.Crim.App. 1991).

The trial court's refusal to rule on Appellant's application for writ of habeas corpus is not appealable. Further, the notice of appeal does not reflect that the trial court entered any other appealable order. We therefore dismiss the appeal for want of jurisdiction.

April 22, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)