COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





JAVIER FLORES,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-10-00063-CR

Appeal from
 41st District Court

of El Paso County, Texas

(TC # 20090D03590)



 

 

 




MEMORANDUM OPINION

            This appeal is before the Court on its own motion for determination whether the appeal
should be dismissed for want of jurisdiction. Finding that there is no appealable order, we dismiss
the appeal for want of jurisdiction.
            Appellant, pro se, filed a handwritten notice of appeal on January 20, 2010 indicating an
intent to appeal various actions of the trial court which allegedly deprived Appellant of his
constitutional rights. Appellant’s notice of appeal also includes a statement that the trial court
refused to rule on his application for writ of habeas corpus. The District Clerk has provided
information to the Court indicating that neither a judgment of conviction nor an appealable order has
been entered by the trial court. On February 16, 2010, the Clerk of the Court notified Appellant of
the Court’s intent to dismiss the appeal for want of jurisdiction unless Appellant filed a response
within fifteen days showing the Court has jurisdiction of the appeal. No response has been received.
            Generally, we only have jurisdiction to consider an appeal by a criminal defendant where
there has been a final judgment of conviction. See Workman v. State, 170 Tex.Crim. 621, 343
S.W.2d 446, 447 (1961); Bridle v. State, 16 S.W.3d 906, 907 (Tex.App.--Fort Worth 2000, no pet.). 
An appellate court does not have jurisdiction to consider interlocutory orders, unless that jurisdiction
has been expressly granted by law. See Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 2006);
Bridle, 16 S.W.3d at 907. The exceptions to the rule are: (1) certain appeals while on deferred
adjudication community supervision, Kirk v. State, 942 S.W.2d 624, 625 (Tex.Crim.App. 1997); (2)
appeals from the denial of a motion to reduce bond, Tex.R.App.P. 31.1; McKown v. State, 915
S.W.2d 160, 161 (Tex.App.--Fort Worth 1996, no pet.); and (3) certain appeals from the denial of
habeas corpus relief, Wright v. State, 969 S.W.2d 588, 589 (Tex.App.--Dallas 1998, no pet.). When
a trial judge refuses to issue a writ or denies an applicant a hearing on the merits of his or her claims,
there is no right to appeal. Ex parte Villanueva, 252 S.W.3d 391, 394 (Tex.Crim.App. 2008), citing
Ex parte Hargett, 819 S.W.2d 866, 868 (Tex.Crim.App. 1991).
            The trial court’s refusal to rule on Appellant’s application for writ of habeas corpus is not
appealable. Further, the notice of appeal does not reflect that the trial court entered any other
appealable order. We therefore dismiss the appeal for want of jurisdiction.

April 22, 2010                                                             
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)