COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-10-170-CR

 

 

LARRY HUDSON                                                                               APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

                FROM
THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

Appellant
Larry Hudson attempts to appeal from the trial court=s Ajudgment
entered >Denied=@ on March
1, 2010.  We dismiss the appeal for want
of jurisdiction.








Hudson
appeared in this court several years ago in a direct appeal from his conviction
for aggravated assault.  See Hudson v.
State, No. 02-04-00030-CR, 2005 WL 1244663, at *1 (Tex. App.CFort
Worth May 26, 2005, pet. ref=d) (mem.
op., not designated for publication). The judgment of conviction in that case
was entered on January 22, 2004.  Id.  Hudson subsequently filed a document entitled
AMotion
for Transcript,@ on March 1, 2010,[2]
and the trial court denied that motion on the same day.

On May
19, 2010, this court notified the parties of our concern that we lacked
jurisdiction over this appeal because the trial court had not entered any
appealable orders.  We stated that unless
Hudson or any party desiring to continue the appeal filed with the court a
response showing grounds for continuing the appeal, the appeal could be
dismissed for want of jurisdiction. Hudson filed a response, but it does not
address our concerns about jurisdiction.[3]








Generally,
this court only has jurisdiction to consider an appeal by a criminal defendant
when there has been a final judgment of conviction.  See Bridle v. State, 16 S.W.3d 906,
907 (Tex. App.CFort Worth 2000, no pet.);
McKown v. State, 915 S.W.2d 160, 161 (Tex. App.CFort
Worth 1996, no pet.); see also Apolinar v. State, 820 S.W.2d 792, 794
(Tex. Crim. App. 1991) (AThe courts of appeals do not have
jurisdiction to review interlocutory orders unless that jurisdiction has been
expressly granted by law.@).  

Other
than his 2004 judgment of conviction, which we previously addressed in his
direct appeal, Hudson has provided no other basis here for the exercise of
jurisdiction by this court, and the order he attempts to appeal is neither a
final judgment nor an appealable interlocutory order.  Cf. Wright v. State, 969 S.W.2d 588,
589 (Tex. App.CDallas 1998, no pet.) (listing
narrow exceptions to rule that appellate courts have no jurisdiction to review
interlocutory orders absent express authority). 
Therefore, we dismiss the appeal for want of jurisdiction.  See Tex. R. App. P. 43.2(f).

 

PER CURIAM

PANEL:  MCCOY, J.; LIVINGSTON,
C.J.; and MEIER, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 15, 2010

 











[1]See Tex. R. App. P. 47.4.





[2]Hudson styles this case as
Ex parte Larry Hudson, Jr. 
However, we note that the trial court cause number that he lists in his
motion is the same as the one that we addressed in his earlier appeal, and we
have received nothing to indicate that this is an appeal from the denial of an
application for writ of habeas corpus.  See
generally Tex. R. App. P. 31 (addressing appeals in habeas corpus
proceedings in criminal cases). 





[3]Hudson filed ARelator=s Original Petition and
Motion for Leave to File a Writ of Mandamus,@ stating that A[i]n response to the court=s concern of jurisdiction
. . . , [he] filed a notice of appeal specifically for the trial court=s order entered May 1,
2010, as >Denied,= because of [his]
intentions to file a >Writ of Mandamus.=@  Hudson=s petition for writ of mandamus was denied on June
17, 2010.  See In re Hudson, No.
02-10-00204-CV, 2010 WL 2431955, at *1 (Tex. App.CFort Worth June 17, 2010,
orig. proceeding) (mem. op.).