

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-10-170-CR**

LARRY HUDSON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Larry Hudson attempts to appeal from the trial court's "judgment entered 'Denied'" on March 1, 2010.  We dismiss the appeal for want of jurisdiction.

Hudson appeared in this court several years ago in a direct appeal from his conviction for aggravated assault.  *See Hudson v. State*, No. 02-04-00030-CR, 2005 WL 1244663, at *1 (Tex. App.—Fort Worth May 26, 2005, pet. ref'd) (mem. op., not designated for publication). The judgment of conviction in that case was entered on January 22, 2004.  *Id.*  Hudson subsequently filed a document entitled "Motion for

---

[1] *See* Tex. R. App. P. 47.4.

Transcript," on March 1, 2010,[2] and the trial court denied that motion on the same day.

On May 19, 2010, this court notified the parties of our concern that we lacked jurisdiction over this appeal because the trial court had not entered any appealable orders. We stated that unless Hudson or any party desiring to continue the appeal filed with the court a response showing grounds for continuing the appeal, the appeal could be dismissed for want of jurisdiction. Hudson filed a response, but it does not address our concerns about jurisdiction.[3]

Generally, this court only has jurisdiction to consider an appeal by a criminal defendant when there has been a final judgment of conviction. *See Bridle v. State*, 16 S.W.3d 906, 907 (Tex. App.—Fort Worth 2000, no pet.); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.); *see also Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991) ("The courts of appeals do not have

---

[2] Hudson styles this case as *Ex parte Larry Hudson, Jr.* However, we note that the trial court cause number that he lists in his motion is the same as the one that we addressed in his earlier appeal, and we have received nothing to indicate that this is an appeal from the denial of an application for writ of habeas corpus. *See generally* Tex. R. App. P. 31 (addressing appeals in habeas corpus proceedings in criminal cases).

[3] Hudson filed "Relator's Original Petition and Motion for Leave to File a Writ of Mandamus," stating that "[i]n response to the court's concern of jurisdiction . . . , [he] filed a notice of appeal specifically for the trial court's order entered May 1, 2010, as 'Denied,' because of [his] intentions to file a 'Writ of Mandamus.'" Hudson's petition for writ of mandamus was denied on June 17, 2010. *See In re Hudson*, No. 02-10-00204-CV, 2010 WL 2431955, at *1 (Tex. App.—Fort Worth June 17, 2010, orig. proceeding) (mem. op.).

jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law.").

Other than his 2004 judgment of conviction, which we previously addressed in his direct appeal, Hudson has provided no other basis here for the exercise of jurisdiction by this court, and the order he attempts to appeal is neither a final judgment nor an appealable interlocutory order. *Cf. Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.) (listing narrow exceptions to rule that appellate courts have no jurisdiction to review interlocutory orders absent express authority). Therefore, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).


PER CURIAM

PANEL: MCCOY, J.; LIVINGSTON, C.J.; and MEIER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 15, 2010