COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 ERIC FLORES,
  
                                    
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                                     Appellee.
 
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-11-00362-CR
  
                          Appeal from
  
  384th District Court
  
 of El Paso County,
 Texas
  
 (TC  # 20110D01621)
 
 
 
 
  
  
 
 
  
  
  
  
 
 
  
  
 
 


                                                     MEMORANDUM
OPINION

 

            This appeal is before the Court on
its own motion for determination whether the appeal should be dismissed for
want of jurisdiction.  Finding there is
no appealable order, we dismiss the appeal for want of jurisdiction.

According to the docketing statement, the appellant, Eric Flores, is
attempting to appeal from an order appointing counsel to represent him in the
trial court.  The Clerk’s Office informed
Appellant that this not an appealable order and gave notice of the Court’s
intent to dismiss for want of jurisdiction unless he filed a response by
December 10, 2011 showing grounds that the appeal should be continued.  No response has been filed.

Generally,
we only have jurisdiction to consider an appeal by a criminal defendant where
there has been a final judgment of conviction. 
See Workman v. State, 170
Tex.Crim. 621, 343 S.W.2d 446, 447 (1961); Bridle
v. State, 16 S.W.3d 906, 907 (Tex.App.--Fort Worth 2000, no pet.).  An appellate court does not have jurisdiction
to consider interlocutory orders, unless that jurisdiction has been expressly
granted by law.  See Tex.Code Crim.Proc.Ann.
art. 44.02 (West 2006); Bridle, 16
S.W.3d at 907.  The exceptions to the
rule are:  (1) certain appeals while on
deferred adjudication community supervision, Kirk v. State, 942 S.W.2d 624, 625 (Tex.Crim.App. 1997); (2)
appeals from the denial of a motion to reduce bond, Tex.R.App.P. 31.1; McKown
v. State, 915 S.W.2d 160, 161 (Tex.App.--Fort Worth 1996, no pet.); and (3)
certain appeals from the denial of habeas corpus relief, Wright v. State, 969 S.W.2d 588, 589 (Tex.App.--Dallas 1998, no
pet.).  The trial court’s appointment of
counsel to represent Appellant is not an appealable interlocutory order.  We therefore dismiss the appeal for want of
jurisdiction.

 

 

January 25, 2012                                 ________________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)