COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 THE STATE OF TEXAS,
  
                                    
 Appellant,
  
 v.
  
 DAVID BARRON,
  
                                     Appellee.
 
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-12-00245-CR
  
                          Appeal from
  
 210th District
 Court
  
 of El Paso County,
 Texas
  
 (TC # 20120D01101)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


 

 

                                                     MEMORANDUM
OPINION

 

This
appeal is before the Court to determine whether it has jurisdiction of a notice
of cross-appeal filed by appellee, David Barron.  Finding that we do not have jurisdiction, we
dismiss the cross-appeal.

PROCEDURAL SUMMARY

            A jury found Barron guilty of aggravated
assault with a deadly weapon and assessed his punishment at imprisonment for
twelve years.  The trial court imposed
sentence on April 24, 2012.  Barron
timely filed a motion for new trial and the trial court denied that motion by
written order signed on May 31, 2012.  Barron
filed notice of appeal on June 1, 2012.  That
appeal is docketed as David Barron v. The
State of Texas, 08-12-00184-CR.  On
July 6, 2012, the trial court signed an order granting Barron’s motion for new
trial and the State filed notice of appeal. 
Barron filed notice of cross-appeal on August 13, 2012.  The Clerk of the Court subsequently sent
Barron a notice that the Court did not have jurisdiction of the cross-appeal
and would dismiss it absent a response showing grounds it should be continued.  Barron has not filed any response to that
letter.

JURISDICTION TO CONSIDER CROSS-APPEAL

            The State has appealed the trial
court’s order granting a new trial pursuant to Article 44.01(a)(3) of the Code
of Criminal Procedure.  Tex.Code Crim.Proc.Ann. art. 44.01(a)(3)
(West Supp. 2012).  We are unaware of any
statutes or rules which provide Barron with the right to appeal an order
granting him a new trial.  Generally, an
appellate court only has jurisdiction to consider an appeal by a criminal
defendant where there has been a final judgment of conviction. Workman v. State, 170 Tex.Crim. 621, 343
S.W.2d 446, 447 (1961); Bridle v. State,
16 S.W.3d 906, 907 (Tex.App.--Fort Worth 2000, no pet.).  Barron has already preserved his right to
appeal the judgment of conviction by timely filing a separate notice of appeal
and that appeal has been abated pending resolution of this appeal.  If the State is unsuccessful in this appeal,
we will reinstate cause number 08-12-00184-CR and dismiss it for want of
jurisdiction because there will be no final judgment of conviction to be
appealed.  If the State is successful,
however, and the trial court’s order granting the motion for new trial is
reversed, we will reinstate Barron’s appeal in cause number 08-12-00184-CR and
it will proceed.  Accordingly, we
conclude that a cross-appeal in this case is unnecessary to preserve Barron’s
right to appeal the judgment of conviction. 
In the absence of any statute or authority providing Barron a right to
file a cross-appeal, we conclude that the attempted cross-appeal must be
dismissed for want of jurisdiction.  The
State’s appeal will proceed.

 

 

November 14, 2012                            _______________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)