COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| THE STATE OF TEXAS, | | No. 08-12-00245-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 210th District Court |
| | § | |
| DAVID BARRON, | | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC # 20120D01101) |

## MEMORANDUM OPINION

This appeal is before the Court to determine whether it has jurisdiction of a notice of cross-appeal filed by appellee, David Barron. Finding that we do not have jurisdiction, we dismiss the cross-appeal.

## PROCEDURAL SUMMARY

A jury found Barron guilty of aggravated assault with a deadly weapon and assessed his punishment at imprisonment for twelve years. The trial court imposed sentence on April 24, 2012. Barron timely filed a motion for new trial and the trial court denied that motion by written order signed on May 31, 2012. Barron filed notice of appeal on June 1, 2012. That appeal is docketed as *David Barron v. The State of Texas*, 08-12-00184-CR. On July 6, 2012, the trial court signed an order granting Barron's motion for new trial and the State filed notice of appeal. Barron filed notice of cross-appeal on August 13, 2012. The Clerk of the Court subsequently sent Barron a notice that the Court did not have jurisdiction of the cross-appeal and would dismiss it absent a response showing grounds it should be continued. Barron has not filed any response to that letter.

## JURISDICTION TO CONSIDER CROSS-APPEAL

The State has appealed the trial court's order granting a new trial pursuant to Article 44.01(a)(3) of the Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(3) (West Supp. 2012). We are unaware of any statutes or rules which provide Barron with the right to appeal an order granting him a new trial. Generally, an appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State*, 170 Tex.Crim. 621, 343 S.W.2d 446, 447 (1961); *Bridle v. State*, 16 S.W.3d 906, 907 (Tex.App.--Fort Worth 2000, no pet.). Barron has already preserved his right to appeal the judgment of conviction by timely filing a separate notice of appeal and that appeal has been abated pending resolution of this appeal. If the State is unsuccessful in this appeal, we will reinstate cause number 08-12-00184-CR and dismiss it for want of jurisdiction because there will be no final judgment of conviction to be appealed. If the State is successful, however, and the trial court's order granting the motion for new trial is reversed, we will reinstate Barron's appeal in cause number 08-12-00184-CR and it will proceed. Accordingly, we conclude that a cross-appeal in this case is unnecessary to preserve Barron's right to appeal the judgment of conviction. In the absence of any statute or authority providing Barron a right to file a cross-appeal, we conclude that the attempted cross-appeal must be dismissed for want of jurisdiction. The State's appeal will proceed.


November 14, 2012 _____
                                ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)

- 2 -