

# NUMBER 13-18-00322-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ORLANDO CAMPOS,**                                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                        **Appellee.**

---

### On appeal from the 156th District Court
### of Bee County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Contreras

Appellant Orlando Campos, proceeding pro se, attempted to perfect an appeal

from trial court cause number B-15-2049-0-CR-B in the 156th District Court of Bee

County, Texas.[1]   The notice of appeal states that there is no judgment and the case has

---

[1] Appellant has pursued other pro se appeals from this same trial court cause number.  *See Campos v. State*, No. 13-18-00221-CR, 2018 WL 2440517, at *1 (Tex. App.—Corpus Christi May 31, 2018, no pet. h.) (mem. op., not designated for publication); *Campos v. State*, 13-18-00071-CR, 2018 WL

been dismissed. On July 23, 2018, the Clerk of this Court notified appellant that it appeared that the documents on file did not contain an appealable order. Appellant attempts to appeal the trial court's order denying his post-conviction motion for forensic DNA testing under Chapter 64 of the Texas Code of Criminal Procedure; however, the record before this Court indicates the trial court cause number B-15-2049-0-CR-B was dismissed and there is no judgment of conviction or other appealable order. The Clerk requested that appellant correct this defect within ten days and notified appellant that the appeal would be dismissed if the defect was not corrected. Appellant has failed to correct this defect.

In Texas, appeals in criminal cases are permitted only when they are specifically authorized by statute. *State ex rel. Lykos*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West, Westlaw through 2017 1st C.S.). Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *Ex parte Ragston*, 402 S.W.3d 472, 477 (Tex. App.—Houston [14th Dist.] 2013), *aff'd sub nom. Ragston v. State*, 424 S.W.3d 49 (Tex. Crim. App. 2014); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). The courts of appeals do not have jurisdiction to review interlocutory orders in a criminal appeal absent express statutory authority. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Bridle v. State*, 16 S.W.3d 906, 907 (Tex. App.—Fort Worth

---

1192617, at *1 (Tex. App.—Corpus Christi Mar. 8, 2018, no pet.) (mem. op., not designated for publication); *Campos v. State*, 13-16-00482-CR, 2016 WL 5941881, at *1 (Tex. App.—Corpus Christi Oct. 13, 2016, no pet.) (mem. op., not designated for publication).

2000, no pet.).   Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.   *See also Bridle*, 16 S.W.3d at 908 n.1.

The Court, having examined and fully considered the notice of appeal and the matters before the Court, is of the opinion that there is not an appealable order and this Court lacks jurisdiction over the matters here.   Because there is no appealable order, we DISMISS the appeal for want of jurisdiction.   All pending motions, if any, are likewise DISMISSED.

DORI CONTRERAS
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of August, 2018.

3