

# NUMBER 13-18-00345-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JACKIE LEE GANDEE JR.,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

## On appeal from the County Court
## of Matagorda County, Texas.

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Hinojosa**

Appellant Jackie Lee Gandee Jr. filed a notice of appeal from cause number 2018-0021 in the County Court of Matagorda County, Texas. In his notice of appeal, appellant specified that he sought to appeal from a "May 17, 2018 conviction and judgment." On June 29, 2018, the Clerk of this Court notified appellant that it appeared that there was

not a final, appealable judgment in this case and requested correction of this defect if it could be done. The Clerk notified appellant that the appeal would be dismissed if the defect was not cured. Appellant has not corrected the defect. We further note that a deputy county clerk has informed this Court that a judgment has not been signed in this case.

In Texas, appeals in criminal cases are permitted only when they are specifically authorized by statute. *State ex rel. Lykos*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West, Westlaw through 2017 1st C.S.). Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *Ex parte Ragston*, 402 S.W.3d 472, 477 (Tex. App.—Houston [14th Dist.] 2013), *aff'd sub nom. Ragston v. State*, 424 S.W.3d 49 (Tex. Crim. App. 2014); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). The courts of appeals do not have jurisdiction to review interlocutory orders in a criminal appeal absent express statutory authority. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Bridle v. State*, 16 S.W.3d 906, 907 (Tex. App.—Fort Worth 2000, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161. *See also Bridle*, 16 S.W.3d at 908 n.1.

The Court, having examined and fully considered the notice of appeal and the matters before the Court, is of the opinion that there is not an appealable order and this

2

Court lacks jurisdiction over the matters here.   Because there is no appealable order, we

DISMISS the appeal for want of jurisdiction.   All pending motions, if any, are likewise

DISMISSED.

                                   LETICIA HINOJOSA
                                   Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of August, 2018.