

# NUMBER 13-18-00672-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JORGE ARELLANO,                                                            Appellant,

v.

THE STATE OF TEXAS,                                                         Appellee.

### On Appeal from the 357th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Hinojosa
### Memorandum Opinion by Justice Longoria

Appellant Jorge Arellano, proceeding pro se, filed a notice of appeal from trial cause number 06-CR-770-E in the 357th District Court of Cameron County, Texas. In his notice of appeal, appellant did not identify a specific judgment or order subject to appeal, but instead contended that the judge of the trial court was "indifferent" to his

request for DNA testing under Article 64 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01–.05 (West, Westlaw through 2017 1st C.S.). On December 11, 2018, the Clerk of this Court notified appellant that it appeared that there was not a final, appealable judgment in this case and requested correction of this defect if it could be done. The Clerk notified appellant that the appeal would be dismissed if the defect was not cured. Appellant has not corrected the defect.

In Texas, appeals in criminal cases are permitted only when they are specifically authorized by statute. *State ex rel. Lykos*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West, Westlaw through 2017 1st C.S.). Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *Ex parte Ragston*, 402 S.W.3d 472, 477 (Tex. App.—Houston [14th Dist.] 2013), *aff'd sub nom. Ragston v. State*, 424 S.W.3d 49 (Tex. Crim. App. 2014); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). The courts of appeals do not have jurisdiction to review interlocutory orders in a criminal appeal absent express statutory authority. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Bridle v. State*, 16 S.W.3d 906, 907 (Tex. App.—Fort Worth 2000, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161; *see also Bridle*, 16 S.W.3d at 908 n.1.

The Court, having examined and fully considered the notice of appeal and the

2

matters before the Court, is of the opinion that there is not an appealable order and this Court lacks jurisdiction over the matters here. Because there is no appealable order, we DISMISS the appeal for want of jurisdiction. All pending motions, if any, are likewise DISMISSED.

NORA L. LONGORIA
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
24th day of January, 2019.