

# NUMBER 13-18-00499-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

RUDY GUTIERREZ,                                                                 Appellant,

v.

THE STATE OF TEXAS,                                                            Appellee.

---

### On appeal from the 206th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa
Memorandum Opinion by Justice Longoria**

Appellant Rudy Gutierrez, proceeding pro se, filed a notice of appeal from trial cause number CR-5235-07-D(2) in the 206th District Court of Hidalgo County, Texas. In his notice of appeal, appellant specified that he sought to appeal "concerning the above numerated cause." With his notice of appeal, appellant included a pleading from the trial

court in which he requested an extension of time to file a reply to the State's response to appellant's application for a writ of habeas corpus. On September 14, 2018, the Clerk of the Court notified appellant that his notice of appeal was defective and did not comply with the Texas Rules of Appellate Procedure. The Clerk requested correction of this defect within thirty days. On October 14, 2018, appellant filed a response to the Court's directive, stating that he did not have access to "State Procedures" because he is incarcerated in the Federal Bureau of Prisons. Appellant stated that he hoped that the Court "will allow me to file . . . an appeal for an adverse decision by the District Court." However, appellant did not file a corrected notice of appeal.

On October 16, 2018, the Clerk of this Court notified appellant that it appeared that there was not a final, appealable judgment in this case and requested correction of this defect if it could be done. The Clerk notified appellant that the appeal would be dismissed if the defect was not cured. Appellant has not corrected the defect.

In Texas, appeals in criminal cases are permitted only when they are specifically authorized by statute. *State ex rel. Lykos*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West, Westlaw through 2017 1st C.S.). Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *Ex parte Ragston*, 402 S.W.3d 472, 477 (Tex. App.—Houston [14th Dist.] 2013), *aff'd sub nom. Ragston v. State*, 424 S.W.3d 49 (Tex. Crim. App. 2014); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). The courts of appeals do not have jurisdiction to review interlocutory orders in a criminal appeal absent express statutory authority. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Bridle v. State*, 16 S.W.3d 906, 907 (Tex. App.—Fort Worth

2

2000, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161. *See also Bridle*, 16 S.W.3d at 908 n.1.

The Court, having examined and fully considered the notice of appeal and the matters before the Court, is of the opinion that there is not an appealable order and this Court lacks jurisdiction over the matters here. Because there is no appealable order, we DISMISS the appeal for want of jurisdiction. All pending motions, if any, are likewise DISMISSED.

NORA L. LONGORIA
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
31st day of January, 2019.