

## NUMBER 13-19-00272-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

LEE GARNER,                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                              Appellee.

### On appeal from the 24th District Court
### of Calhoun County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras**

Appellant Lee Garner, proceeding pro se, filed a notice of appeal from cause number 88-4-3684 in the District Court of Calhoun County, Texas. Appellant's notice of appeal did not specify that he was appealing from a judgment or other appealable order and stated only that he wished to appeal his "case." *See generally* TEX. R. APP. P.

25.2(c)(2).

On June 12, 2019, the Clerk of this Court notified appellant that it appeared that there was not a final, appealable judgment in this case and requested correction of this defect if it could be done. The Clerk notified appellant that the appeal would be dismissed if the defect was not cured. Appellant filed a pro se response to the Court's directive, but his response fails to provide grounds to continue the appeal.

In Texas, appeals in criminal cases are permitted only when they are specifically authorized by statute. *State ex rel. Lykos*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see* TEX. CODE CRIM. PROC. ANN. art. 44.02. Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *Ex parte Ragston*, 402 S.W.3d 472, 477 (Tex. App.—Houston [14th Dist.] 2013), *aff'd sub nom. Ragston v. State*, 424 S.W.3d 49 (Tex. Crim. App. 2014); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). The courts of appeals do not have jurisdiction to review interlocutory orders in a criminal appeal absent express statutory authority. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Bridle v. State*, 16 S.W.3d 906, 907 (Tex. App.—Fort Worth 2000, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161. *See also Bridle*, 16 S.W.3d at 908 n.1.

The Court, having examined and fully considered the notice of appeal and the matter before the Court, is of the opinion that there is not a current appealable order and this Court lacks jurisdiction over this matter. And, to the extent that appellant may be attempting to appeal his judgment of conviction and sentence rendered on August 1, 1988, we lack jurisdiction over the untimely appeal. TEX. R. APP. P. 26.2(a)(1),(2); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Pickens v. State*, 105 S.W.3d 746, 748 (Tex. App.—Austin 2003, no pet.).

We dismiss the appeal for want of jurisdiction. All pending motions, if any, are likewise DISMISSED.

DORI CONTRERAS
Chief Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of July, 2019.