

## NUMBER 13-19-00339-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

KEVIN PAUL CARTER,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                       Appellee.

### On appeal from the 377th District Court
### of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Hinojosa

Appellant Kevin Paul Carter, proceeding pro se, filed a "notice of appeal" "concerning the denial of a motion for discovery" from cause number 16-12-29777-D in the 377th District Court of Victoria County, Texas. On July 8, 2019, the Clerk of this Court notified appellant that it appeared that there was not a final, appealable judgment

in this case and requested correction of this defect if it could be done. *See* TEX. R. APP. P. 37.1. The Clerk notified appellant that the appeal would be dismissed if the defect was not cured. In response, appellant filed a motion to abate the appeal. Appellant contends that his "sole issue or purpose [was] for the court to provide him. . . a request for post-conviction discovery [not] a notice of appeal."

In Texas, appeals in criminal cases are permitted only when they are specifically authorized by statute. *State ex rel. Lykos*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see* TEX. CODE CRIM. PROC. ANN. art. 44.02. Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *Ex parte Ragston*, 402 S.W.3d 472, 477 (Tex. App.—Houston [14th Dist.] 2013), *aff'd sub nom. Ragston v. State*, 424 S.W.3d 49 (Tex. Crim. App. 2014); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). The courts of appeals do not have jurisdiction to review interlocutory orders in a criminal appeal absent express statutory authority. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Bridle v. State*, 16 S.W.3d 906, 907 (Tex. App.—Fort Worth 2000, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161. *See also Bridle*, 16 S.W.3d at 908 n.1.

The Court, having examined and fully considered the notice of appeal and the matters before the Court, is of the opinion that there is not an appealable order and this Court lacks jurisdiction over the matters here. Because there is no appealable order, we DENY the motion to abate and we DISMISS the appeal for want of jurisdiction. All pending motions, if any, are likewise DISMISSED.

LETICIA HINOJOSA
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of July, 2019.