# NO. 12-20-00034-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LATRELLE NOSS MOUTON,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Latrelle Noss Mouton appeals the trial court's order granting, in part, her motion to modify bond restrictions. We dismiss for want of jurisdiction.

### BACKGROUND

On November 7, 2019, Appellant was indicted for the offense of engaging in organized criminal activity, a first-degree felony.[1] The trial court set Appellant's bond at $100,000. As a condition of Appellant's bond, the trial court required Appellant to submit to weekly drug testing.[2] On January 8, 2020, Appellant filed a "motion to modify bond restrictions" wherein she asked the trial court to modify her bond conditions to permit her to submit to drug testing every two weeks, instead of weekly. On January 17, Appellant filed a "memorandum of law in support

---

[1] *See* TEX. PENAL CODE ANN. § 71.02 (a)(10) (West Supp. 2020). As applicable to the facts of this case, an offense under Section 71.02(a) is one category higher than the most serious predicate offense listed under subsection (a) that was committed. *Id*. § 71.02(b). The most serious predicate offense alleged in this case is money laundering of more than $150,000 but less than $300,000, a second-degree felony. *See id.* § 34.02(e)(3) (West 2016) ("An offense under this section is...a felony of the second degree if the value of the funds is $150,000 or more but less than $300,000...").

[2] "A magistrate may require as a condition of release on bond that the defendant submit to...testing on a weekly basis for the presence of a controlled substance in the defendant's body." TEX. CODE CRIM. PROC. ANN. art. 17.44(a)(2) (West Supp. 2020).

of defendant's motion to modify bond restrictions." In that filing, Appellant asked the trial court to completely remove the condition that she submit to drug testing.

On January 30, the trial court conducted a hearing on Appellant's motion to modify bond restrictions. At the hearing, Appellant asked the trial court to remove the condition that she submit to drug testing. The trial court announced that it would grant the motion in part by allowing Appellant to submit to drug testing every two weeks, instead of weekly. The trial court signed an order granting the motion in part and modifying Appellant's bond conditions to require her to submit to drug testing every two weeks. This appeal followed.

<u>JURISDICTION</u>

This appeal arises from the trial court's order granting Appellant's motion to modify her bond conditions in part, not from a ruling on an application for writ of habeas corpus. The Legislature has not vested appellate courts with jurisdiction to consider direct appeals from interlocutory pretrial bail rulings. *Chestang v. State*, No. 12-16-00305-CR, 2017 WL 104637, at *1 (Tex. App.—Tyler Jan. 11, 2017, no pet.) (mem. op., not designated for publication) (per curiam); *see also* *McCarver v. State*, 257 S.W.3d 512, 515 (Tex. App.—Texarkana 2008, no pet.). As the court of criminal appeals has explained, "[t]here is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail." *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Accordingly, we lack jurisdiction to consider Appellant's appeal from the trial court's pretrial bail ruling in this case. *See id.*; *Thomas v. State*, No. 05-20-00722-CR, 2020 WL 5757340, at *1 (Tex. App.—Dallas Sept. 28, 2020, no pet. h.) (mem. op., not designated for publication); *Olageshin v. State*, No. 04-20-00057-CR, 2020 WL 1159065, at *1 (Tex. App.—San Antonio Mar. 11, 2020, no pet.) (mem. op., not designated for publication) (per curiam); *Chestang*, 2017 WL 104637, at *1; *Bridle v. State*, 16 S.W.3d 906, 908 (Tex. App.—Fort Worth 2000, no pet.).

<u>DISPOSITION</u>

We ***dismiss*** Appellant's appeal for ***want of jurisdiction.***

**<u>BRIAN HOYLE</u>**
Justice

Opinion delivered October 30, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 30, 2020**

**NO. 12-20-00034-CR**

**LATRELLE NOSS MOUTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1738-19)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

# THE STATE OF TEXAS
# M A N D A T E
*********************************************

**TO THE 114TH DISTRICT COURT OF SMITH COUNTY, GREETING:**

Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 28th day of October, 2020, the cause upon appeal to revise or reverse your judgment between

**LATRELLE NOSS MOUTON, Appellant**

**NO. 12-20-00034-CR; Trial Court No. 114-1738-19**

Opinion by Brian Hoyle, Justice.

**THE STATE OF TEXAS, Appellee**

was determined; and therein our said Court made its order in these words:

"Text goes here."

**WHEREAS, WE COMMAND YOU** to observe the order of our said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

**WITNESS, THE HONORABLE JAMES T. WORTHEN**, Chief Justice of our Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the xx day of October, 2020.

By: _Katrina McClenny_
KATRINA MCCLENNY, CLERK