**Dismiss and Opinion Filed March 21, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00165-CR**

**DEYLAN CHRISTOPHER WALKER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 439th Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-18-0986**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Pedersen, III

Deylan Christopher Walker filed his pro se notice of appeal on March 1, 2022, seeking to appeal the "judgment signed by the Court on February 10, 2022." Concluding we do not have jurisdiction, we dismiss the appeal.

This Court may only review criminal appeals authorized by statute. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (authorizing defendant's right to appeal "under the rules hereinafter prescribed"). Generally, criminal defendants may appeal only from final judgments. *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). Unless a statute expressly grants a right of appeal, interlocutory orders are not appealable. *See*

*Ragston*, 424 S.W.3d at 52; *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).

In this case, appellant seeks to appeal the trial court's ruling on appellant's February 10, 2022 "First Amended Emergency Motion to Oppose Motion to Withdraw & Sanctions Against Attorney Robert Gregg & Request for Hearing on Motion to Withdraw." The trial court's February 10, 2022 order denying appellant's motion is neither a final judgment nor an appealable interlocutory order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.) (listing appealable interlocutory orders and concluding determination to revoke bond not appealable); *Bridle v. State*, 16 S.W.3d 906, 908 n.1 (Tex. App.—Fort Worth 2000, no pet.) (listing appealable interlocutory orders). Thus, we have no jurisdiction to consider appellant's appeal. *See Ragston*, 424 S.W.3d at 52; *Apolinar*, 820 S.W.2d at 794. And in the absence of jurisdiction, we must dismiss the appeal without taking further action. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

We dismiss this appeal for want of jurisdiction.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

220165f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DEYLAN CHRISTOPHER WALKER, Appellant

No. 05-22-00165-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 439th Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 2-18-0986.
Opinion delivered by Justice Pedersen, III. Justices Schenck and Molberg participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for lack of jurisdiction.

Judgment entered this 21st day of March, 2022.