# NO. 12-23-00197-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 217TH* |
|  | § | *JUDICIAL DISTRICT COURT* |
| *ISISAH SHEPPARD* | § | *ANGELINA COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Isisah Sheppard, acting pro se, filed a writ of habeas corpus to complain of his $97,500 bond amount. On August 1, 2023, the Clerk of this Court notified Appellant that the information received in this appeal failed to show the jurisdiction of this Court, i.e., there is no final judgment or appealable order included therewith. The notice warned that the appeal would be dismissed unless Appellant amended the information on or before August 11 to show this Court's jurisdiction. This deadline passed without a response from Appellant or an amended notice of appeal.

An appellate court has no original habeas-corpus jurisdiction in criminal matters. *In re Ayers*, 515 S.W.3d 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam) (mem. op.); TEX. GOV'T CODE ANN. § 22.221(d) (West 2009). Original jurisdiction to grant a writ of habeas corpus in a criminal matter is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. *Ayers*, 515 S.W.3d at 356; TEX. GOV'T CODE ANN. § 11.05 (West 2005). Here, the Angelina County online records do not reflect that this proceeding arises from a ruling on any application for writ of habeas corpus filed in the trial court. Moreover, the Legislature has not vested appellate courts with jurisdiction to consider direct appeals from interlocutory pretrial bail rulings. *Chestang v. State*, No. 12-16-00305-CR, 2017 WL 104637, at *1 (Tex. App.—Tyler Jan. 11, 2017, no pet.) (per curiam) (mem. op., not designated for publication); *see also*

(Tex. App.—Texarkana 2008, no pet.). As the court of criminal appeals has explained, "[t]here is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail." ***Ragston v. State***, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Accordingly, under the circumstances of this case, we lack jurisdiction over Appellant's habeas application. *See id.*; *see also* ***Mouton v. State***, No. 12-20-00034-CR, 2020 WL 6380336, at *1 (Tex. App.—Tyler Oct. 30, 2020, no pet.) (per curiam) (mem. op., not designated for publication); ***Thomas v. State***, No. 05-20-00722-CR, 2020 WL 5757340, at *1 (Tex. App.—Dallas Sept. 28, 2020, no pet.) (mem. op., not designated for publication); ***Olageshin v. State***, No. 04-20-00057-CR, 2020 WL 1159065, at *1 (Tex. App.—San Antonio Mar. 11, 2020, no pet.) (per curiam) (mem. op., not designated for publication); ***Chestang***, 2017 WL 104637, at *1; ***Bridle v. State***, 16 S.W.3d 906, 908 (Tex. App.—Fort Worth 2000, no pet.). For this reason, we ***dismiss*** the application for writ of habeas corpus ***for want of jurisdiction***.

Opinion delivered on August 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 31, 2023**

**NO. 12-23-00197-CR**

**EX PARTE: ISISAH SHEPPARD**

___

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2020-0767)

___

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the proceeding, and that the application for writ of habeas corpus should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this habeas proceeding be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*